9324

STATE v. CHAPPELL.

(88 S. E. 281.)

WEAPONS—CONCEALED WEAPON—QUESTION FOR JURY.—In a prosecution for carrying a concealed weapon about the person or near the place of another, whether defendant had the pistol on his person concealed from ordinary view when the chase after him ended, and whether or not he so had it during the whole chase, after he shot a pistol in the road, *held* for the jury under the evidence.

Before BOWMAN, J., Columbia, September, 1915. Affirmed.

W. D. Chappell, Jr., was convicted of carrying a concealed weapon, and he appeals.

*Mr. N. J. Frederick,* for appellant, submits: *Affidavit insufficient:* 85 Ga. 220; Crim. Code, sec. 85. *Concealed weapons:* 16 S. C. 187; 76 Ala. 88; 94 Ala. 79; 86 Ala. 66; 38 Tex. 170; 114 Ga. 538.

*Mr. Solicitor Cobb,* for respondent.

March 10, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The defendant was convicted in a magistrate's Court for carrying a concealed weapon about the person on or near the place of J. H. Garner, near Eastover, about 25 miles from Columbia. The Circuit Court affirmed the judgment of the magistrate's Court, and the defendant has appealed upon four exceptions, but really upon one ground; and that is there was no testimony to prove the offense.

The affidavit upon which the warrant was issued alleged:

"Personally appeared before me, J. S. Scott, a magistrate of the said county and the said State, J. H. Garner, who, being duly sworn, says that near his place in the county and State aforesaid, on the 4th day of August, 1915, one W. D. Chappell, Jr., did carry on his person concealed one pistol. This affidavit is based on information and belief. And that J. D. Dunnaway, Walter Brown, John Henry and J. H. Garner are witnesses to prove same. J. H. Garner."

The testimony tended to show that, at the time and place in issue, the defendant shot a pistol in the public road; that he used profanity; that he was drinking; that the defendant was chased by the rural policeman from Eastover to Columbia; that the defendant and another were in a car, and "as Chappell got up (out of the car) he had a pistol under his coat;" that "the pistol was in his hand covered with a rain coat."

It was for the jury to find if Chappell had the pistol on his person concealed from ordinary view at the moment the chase ended; and whether or not, under the proof, he so had it on the whole chase.

There is no room to disturb the judgment, and it is affirmed.